UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO GARRIDO MAURIN,

Petitioner,

v.

UNKNOWN PUTRA,

Respondent.

Case No. 1:26-cv-2840

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing. (Pet., ECF No. 1, PageID.7.)

In an order entered on October 7, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on October 21, 2026, (ECF No. 8), and Petitioner filed a reply on October 30, 2026, (ECF No. 10). On November 3, 2026, the Court ordered

Respondents to file a supplemental response, (Order, ECF No. 11), and on November 5, 2026, Respondents filed their supplemental response, (Suppl. Response, ECF No. 12). Petitioner filed a supplemental reply on November 6, 2026. (Suppl. Reply, ECF No. 14.)

**II. Relevant Factual Background**

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.6.) On June 3, 1980, Petitioner was paroled into the United States as a humanitarian refugee. (Pinson Decl. ¶ 4, ECF No. 8-1, PageID.33.) On September 16, 1999, Petitioner was ordered removed to Cuba, and the order became administratively final because Petitioner did not appeal the removal order. (*Id.* ¶ 10.) *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 023-212-954 for the A-Number, select "Cuba" for the Nationality, and select Submit) (last visited Nov. 2, 2026) (indicating that no appeal was received for the case). On December 9, 2010, Petitioner was detained by ICE. (Pinson Decl. ¶ 11, ECF No. 8-1, PageID.33.) On April 4, 2011, Petitioner was released from ICE custody pursuant to an Order of Supervision (OSUP). (*Id.*) On June 13, 2017, Petitioner was detained by ICE "for implementation of the removal order." (*Id.* ¶ 19.) On February 21, 2018, Petitioner was released from ICE custody pursuant to an OSUP. (*Id.* ¶ 20.)

On June 18, 2026, Petitioner was arrested by ICE, and on June 20, 2026, ICE Enforcement and Removal Operations (ERO) served Petitioner a Notice of Revocation of Release because ICE ERO alleged that Petitioner failed to appear for a report date pursuant to his OSUP. (*Id.* ¶¶ 26–27, PageID.35; Notice of Revocation of Release, ECF No. 8-2, PageID.39.) On June 24, 2026, ICE ERO served Petitioner a Notice of Third Country Removal to Mexico, and Petitioner "voluntarily signed this form." (Pinson Decl. ¶ 29, ECF No. 8-1, PageID.36.) On August 19, 2026, Petitioner was scheduled for removal to Mexico, but he "refused to board his departure flight." (*Id.* ¶ 38.)

Thereafter, Petitioner was scheduled to be removed to Mexico on October 25, 2026. (*Id.* ¶ 43, PageID.37.) ICE ERO Deportation Officer Acree-Manuel states in his declaration that

Petitioner was not removed on October 25, 2026, due to a "lack of bed space at Alexandria, Louisiana," and that Petitioner is currently "expected to be moved to Alexandria, Louisiana during the second week of November 2026, and is expected to depart for Mexico within days of staging at Alexandria." (Acree-Manuel Decl. ¶ 4, ECF No. 12-1, PageID.51.)

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (Pet., ECF No. 1, PageID.2; Resp., ECF No. 8, PageID.19.) Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention violates the Due Process Clause of the Fifth Amendment. (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued detention under § 1231(a) comports with due process and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001), because Petitioner's detention is within the presumptively reasonable period of six months. (Resp., ECF No. 8, PageID.26.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney

General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on September 16, 1999. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has most recently been detained by ICE for less than six months. And, even if Petitioner had been detained for more than six months, as explained below, Petitioner's removal is reasonably foreseeable at this time.

In this case, Petitioner asserts that his removal is not reasonably foreseeable because in 2010 and 2017, after spending time in ICE detention, ICE ERO was unable to effectuate Petitioner's removal to Cuba because Cuba did not send travel documents for Petitioner, thus Petitioner was released from custody pursuant to an OSUP. (Pet., ECF No. 1, PageID.6.)

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Respondents state that ICE ERO is attempting to effectuate third country removal to Mexico, and that Petitioner is currently scheduled to be moved to Louisiana during the second week of November 2026, and removed to Mexico within days of arriving in Louisiana . (Resp., ECF No. 8, PageID.27; Suppl. Resp., ECF No. 12, PageID.47.) Therefore, Petitioner's assertion regarding ICE ERO's past ineffective attempts to remove Petitioner to Cuba is insufficient to show that Petitioner's removal to Mexico is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701. Instead, at this time, based on the record before the Court, Petitioner's removal is reasonably foreseeable.

Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 9, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge